## J. A. THARP *et al. v.* THE STATE.

1. JURY OATH. — No other oath than that prescribed by the statute (Pasc. Dig., art. 3029) can be legally administered to a petit jury. If any other be administered, it vitiates a verdict of conviction rendered in the cause, and necessitates a reversal of the judgment entered thereupon.

2. SAME. — A recital in the judgment entry that the jury were "sworn to try said cause, and a true verdict render according to the evidence," shows that the oath was not that prescribed by law.

3. SAME. — Judges and clerks of courts are urged to consult the often-reiterated decisions upon this plain, but important, matter of practice.

APPEAL from the County Court of Henderson. Tried below before the Hon. W. L. FAULK, County Judge.

D. C. *Davis,* for the appellants.

*George McCormick,* Assistant Attorney General, for the State.

WHITE, J.    The recital in the judgment of the oath taken by the jury, as shown in the transcript, is that they were "sworn to try said cause, and a true verdict render according to the law and the evidence." This is not the oath prescribed by the statute (Pasc. Dig., art. 3029), and that prescribed is the only one which can legally be administered.

It were a useless consumption of time to cite authorities. There is scarcely a single volume of the Reports, from the 40th Texas up to and including the 1st Texas Court of Appeals, that does not contain one or more decisions upon the subject. This court is of opinion that, after so many repeated lessons upon so plain a proposition, and one so easy to be understood, it would now be a work of supererogation, if not of folly, to attempt to instruct clerks and judges further with regard to it.

The judgment of the County Court of Henderson County is reversed and the cause is remanded, because the jury were not sworn according to law.

*Reversed and remanded.*